IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kayla Bonezzi,<br><br>        Plaintiff,<br>   v.<br><br>First-Citizens Bank & Trust Company; and Reeves Skeen, Individually,<br><br>        Defendants. | Case No. 2:24-cv-3807-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants' motion to dismiss Plaintiff's claim that Defendants violated the Equal Pay Act. (Dkt. No. 10). Plaintiff opposed the motion (Dkt. No. 17), and Defendants replied (Dkt. No. 20). For the reasons set forth below, the Court denies the motion.

**I.   Background**

Plaintiff brings this Equal Pay Act claim alleging Defendants failed to "compensate Plaintiff commensurate with her male counterparts for work requiring equal effort, skill, responsibility, performed under similar working conditions." (Dkt. No. 1, ¶ 1). Defendant First-Citizens Bank & Trust Company hired Plaintiff as a Financial Services Representative 1 ("FSR 1") and Licensed Professional Associate ("LPA") on March 19, 2018. (*Id.*, ¶ 16). At the time of her hiring, Plaintiff earned $26.93 per hour or roughly $56,014 annually. (*Id.*, ¶ 17). At the time of Plaintiff's resignation in June 2022, she earned $63,000 per year in the same duel position. (*Id.*, ¶ 45).

Plaintiff complains that she was not compensated commensurate with two male individuals—Alex Hamman and Darren Sperry—who were hired subsequent to her by Defendant Bank in an FSR 2 position. Per Plaintiff, the only difference between her role as a FSR 1 and the FSR 2 position held by Mr. Hamman and Mr. Sperry was that "FSR 2s are permitted to originate

home equity lines and small business loans" and "management purportedly set higher goals for FSR 2s than FSR 1s." (*Id.*, ¶¶ 24, 28). Plaintiff pleads that "it is understood among Bank staff than an FSR is paid more than an FSR 1." (*Id.*, ¶ 24). Mr. Hamman was hired in September 2019 at a rate of $29.32 per hour, or roughly $61,000 annually, and Mr. Sperry was hired in June 2022 at an annual salary of $65,000. (*Id.*, ¶ 51).

     Defendants move to dismiss Plaintiff's complaint on the basis that neither Mr. Hamman nor Mr. Sperry is a *bona fide* male comparator under the Equal Pay Act. (Dkt. No. 10 at 1). Defendants first highlight that the EPA's two-year statute of limitations bars consideration of Plaintiff's claim where it was not filed until July 2, 2024—over two years beyond her resignation. (*Id.* at 2, n.2). Defendants explain that even if Plaintiff could establish a "willful" EPA violation, with the effect of extending the limitations period to three years, Mr. Hamman would be an inappropriate male comparator because he was promoted from his FSR 2 position to Manager of the North Charleston Branch "'toward the end of 2020 . . . **before** the earliest possible date that Plaintiff could state an EPA claim, *i.e.* July of 2021." (*Id.*; *see also id.* at 14; Dkt. No 20 at 6 (quoting Dkt. No. 1, ¶ 34)). With regards to Mr. Sperry, Defendants note that he was not transferred to the same branch as Plaintiff until after her resignation, and as a result did not perform equal work at the same time or in the same location as Plaintiff, rendering him an inappropriate male comparator. (Dkt. No. 10 at 8). Defendants also claim that Plaintiff "provides no factual basis from which to assess how Ms. Bonezzi's LPA role impacted her earning potential (or her actual earnings) vis-à-vis any alleged comparator." (*Id.* at 15). In sum, Defendants argue that Plaintiff has failed to plead that either male individual performed virtually identical work to her as required under the EPA and instead "affirmatively pleads that both men held FSR 2 positions,

2

which she admits were higher ranking, higher paying, and held additional job duties and higher performance goals than Plaintiff's FRS 1 position." (*Id.* at 7).

**II.     Legal Standard**

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### III.   Discussion

At this stage of the case, Plaintiff has plead a plausible EPA claim. "To survive a motion to dismiss, a plaintiff is required to proffer factual support for the allegation that her employer violated the [Federal] Equal Pay Act." *Bailey v. SC Dep't of Corr.*, No. CV 3:17-3500-TLW-KDW, 2018 WL 2144548, at *6 (D.S.C. Feb. 23, 2018), *report and recommendation adopted*, No. 3:17-CV-3500-TLW-KDW, 2018 WL 2135168 (D.S.C. May 9, 2018) (quoting *Rose v. Goldman, Sachs & Co., Inc.*, 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001)). "In order to establish a prima facie case under the Equal Pay Act, the plaintiff must show that she receives less pay than a male coemployee performing work substantially equal in skill, effort, and responsibility under similar working conditions. This comparison must be made factor by factor with the male comparator." *Houck v. Virginia Polytechnic Inst. & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993).

Plaintiff has made this factor-by-factor comparison to the alleged *bona fide* male comparators. In assessing whether work is substantially equal, the court considers "whether the jobs to be compared have a 'common core' of tasks, i.e., whether a significant portion of the two jobs is identical" and "whether the differing or additional tasks make the work substantially different." *Brewster v. Barnes*, 788 F.2d 985, 991 (4th Cir. 1986) (quoting *Brobst v. Columbus Servs. Int'll*, 761 F.2d 148, 156 (3d Cir. 1985)). Plaintiff alleges that "her LPA/FSR 1 position and the FSR 2 position held by Mr. Hamann and Mr. Sperry share a common core of tasks" and "'were virtually identical in terms of day-to-day job requirements' and involved the same responsibilities such as opening new accounts, servicing existing accounts, answering customer questions, handling loan applications for credit cards, car loans, unsecured loans, home equity loans, and some small business loans." (Dkt. No. 17 at 8) (quoting Dkt. No. 1, ¶ 47). Plaintiff explains that the only difference in the skill or responsibilities required by the FSR 2 position was

4

that an FSR 2 could issue one additional loan product than Plaintiff. (Dkt. No. 1, ¶ 27).  Assuming Plaintiff's allegations are true, as the Court must do at the motion to dismiss stage, Plaintiff has plead that a significant portion of her job and the positions held by Mr. Hamman and Mr. Sperry were identical.  She further alleges that working conditions did not differ between the Folly Road and Mount Pleasant bank branches and that "FSR 1s and 2s in both the Folly Rd. and 17 North Mount Pleasant Branches were subject to the same performance standards" and "required to work the same hours." (Dkt. No. 1, ¶¶ 47-48).  She has alleged that she earned a lesser salary than both male individuals for the alleged identical work.  (*Id.*, ¶¶ 26, 45, 51).  While it may be the case, as Defendants argue, that Plaintiff's work was not equal to Mr. Hamman and Mr. Sperry because the FSR 2 position involves significant additional tasks justifying the pay differential, that question is a factual dispute that cannot be resolved on the present motion to dismiss.

### IV.    Conclusion

In light of the foregoing, Defendants' motion to dismiss is **DENIED.**

**AND IT IS SO ORDERED.**


     s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 3, 2024
Charleston, South Carolina